53962
...NS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 2-26-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT T. ROMANS,<br>*Plaintiff*, | )<br>)<br>) |
| v. | )  CIVIL ACTION NO.<br>) |
| THE UNITED STATES<br>OF AMERICA,<br>*Defendant*. | )  04-10344 RGS<br>)<br>)<br>)  MAGISTRATE JUDGE _____ |

## **COMPLAINT**

### The Parties

1. Plaintiff, Robert T. Romans, is a citizen of the State of New Hampshire.

2. Defendant, the United States of America, is a body politic and is generally entitled to sovereign immunity. The United States of America has waived its immunity by the enactment of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant).

4. Venue is properly laid in this Court pursuant to 28 U.S.C. §§ 1391(b) (events occurred in this district) and 1402(b) (FTCA claim where the act complained of occurred).

### Facts

5. On December 9, 2000, at approximately 11:25 p.m., the plaintiff arrived by car at Hanscom Air Force Base, where the plaintiff was employed as an engineer/systems operator in the computer control room of the base's central heating and refrigeration plant.

6. While driving through the base to the parking lot area, the plaintiff noticed that he was being followed by a patrol car with its lights flashing. The plaintiff pulled over and was approached by a member of the base's Security Forces personnel, Airman First Class ("A1C") Scott Bennett.

7. A1C Bennett requested plaintiff's identification, registration and insurance card, which the plaintiff provided. After a period of approximately 20 minutes, and following questioning about the plaintiff's identity and whose car the plaintiff was driving, A1C Bennett handed back the plaintiff's license, registration and insurance card and informed the plaintiff that one of his headlights was out and needed to be fixed. The plaintiff complained to A1C Bennett that he pulled the plaintiff over on a freezing cold night because of a non-working headlight.

8. The plaintiff then proceeded to drive to the parking area, where, once parked, he noticed a patrol car approaching. The plaintiff entered Building 1201 to report for work and began discussing plant operating conditions with his co-workers.

9. Shortly thereafter, two or more security police officers entered the room screaming loudly for the plaintiff to "Get outside. Get outside now." The plaintiff indicated that he was not about to go outside into the freezing cold with screaming police officers. The police officers ordered the plaintiff to turn around and to put his hands behind his back; the plaintiff complied.

10. One of the officers then jerked the plaintiff's right arm and then his left arm, using force sufficient to twist the plaintiff's neck, and handcuffed the plaintiff.

11. The officer then began manhandling the plaintiff with excessive force and bending the plaintiff over backwards. The plaintiff was in pain, told the officer that he has a bad back and pleaded with the officer to stop bending him over backwards. One or both of the

plaintiff's co-workers also told the officers that the plaintiff has a bad back. The plaintiff then lost his balance and his head hit the floor. The plaintiff then entered a semi-conscious state.

12. The plaintiff was taken to Emerson Hospital and was experiencing agonizing pain in his head, neck, shoulder and back. The plaintiff was taken for x-rays and a CT-scan.

13. Following treatment, the plaintiff was driven back to Hanscom Air Force Base by a Concord police officer. At the base, the plaintiff was escorted by three security officers to the gate house, where he met a man identifying himself as Sergeant Anderson, Airman Bennett's supervisor. A young female African-American officer was also present, but was not identified.

14. Sergeant Anderson then told the plaintiff that "He [Airman Bennett] was going to let you go but you shot your mouth off!" Sergeant Anderson told the plaintiff that he was being charged with two violations. The plaintiff was then driven back to Building 1201 where he collected his belongings, a form CA-1 Federal Employee's Notice of Traumatic Injury, and left.

15. As a result of the incident, the plaintiff has suffered physical injuries including neck and back muscle pain, injury to his shoulders and arms, head contusion and cuts, as well as psychological injuries, including post-concussive syndrome, post-traumatic stress syndrome and depressive disorder, as well as mental anguish and distress. Plaintiff has been further damaged by this incident as a result of lost wages, loss of employment, lost health benefits and lost retirement benefits, as well as costs of medical treatment, psychological treatment and legal services.

16. As a result of the incident, the plaintiff was cited with two non-arrestable civil infractions: violation of G.L. c. 90, § 7, for having a defective headlight, and violation of G.L. c. 89, § 7A, for failure to yield to an emergency vehicle responding to a call, alarm or emergency situation. The citation for violation of G.L. c. 89, § 7A, was issued notwithstanding that A1C Bennett was not at any relevant time responding to a call, alarm or emergency situation.

17. The plaintiff thereafter indicated written pleas of not guilty on both citations and mailed the citations to the Central Violations Bureau in accordance with the citations' instructions. A hearing was scheduled to be held on April 11, 2001, but in or about March, 2001, both offenses were dismissed with prejudice at the request of the Government.

18. On or about December 3, 2002, the plaintiff submitted to the Department of the Air Force a Standard Form 95 Claim for Damage, Injury, or Death form relative to the incident occurring on December 9, 2000. By letter dated August 21, 2003, the Department of the Air Force issued its "final denial" of the plaintiff's claim.

## COUNT I
(FTCA: Assault)

19. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 18 herein.

20. The security officers' actions constituted the tort of assault under the laws of the Commonwealth of Massachusetts.

21. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## COUNT II
(FTCA: Battery)

22. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 21 herein.

23. The security officers' actions constituted the tort of battery under the laws of the Commonwealth of Massachusetts.

24. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## COUNT III
(FTCA: False Arrest)

25. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 24 herein.

26. The security officers' actions constituted the tort of false arrest under the laws of the Commonwealth of Massachusetts.

27. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## COUNT IV
(FTCA: False Imprisonment)

28. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 27 herein.

29. The security officers' actions constituted the tort of false imprisonment under the laws of the Commonwealth of Massachusetts.

30. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## COUNT V
(FTCA: Intentional Infliction of Emotional Distress)

31. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 30 herein.

32. The security officers intentionally or recklessly engaged in extreme and outrageous conduct that caused the plaintiff to suffer severe emotional distress.

33. The security officers' actions constituted the tort of intentional infliction of emotional distress under the laws of the Commonwealth of Massachusetts.

34. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

## COUNT VI
(FTCA: Negligence)

35. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 34 herein.

36. The security officers failed to exercise due care during the incident with the plaintiff.

37. The security officers' negligent actions directly and proximately caused the plaintiff to sustain injuries.

38. The security officers' actions constituted the tort of negligence under the laws of the Commonwealth of Massachusetts.

39. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

## COUNT VII
(FTCA: Negligent Infliction of Emotional Distress)

40. Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 39 herein.

41. The security officers failed to exercise due care during the incident with the plaintiff.

42. The security officers' negligent actions directly and proximately caused the plaintiff to sustain both physical and emotional injuries.

43. The security officers' actions constituted the tort of negligent infliction of emotional distress under the laws of the Commonwealth of Massachusetts.

44. The defendant is liable for the security officers' tortious conduct under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

WHEREFORE, plaintiff requests that the Court enter judgment against the defendant for compensatory damages on each of Counts I through VII, award plaintiff his attorneys' fees and costs, and grant such further relief as the Court deems just.

                                      ROBERT T. ROMANS,
                                      By his attorneys,

                                      DiMENTO & SULLIVAN

Dated: February 19, 2004
                                      Francis J. DiMento
                                      BBO NO. 125000

                                      Jason A. Kosow
                                      BBO NO. 644701
                                      7 Faneuil Marketplace, 3rd Floor
                                      Boston, MA 02109-1649
                                      Tel. (617) 523-2345