UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT T. ROMANS,              )
       Plaintiff,                      )
                                        )        Civil Action
v.                                     )        Docket # 04-10344-RGS
                                        )
THE UNITED STATES,           )
       Defendant.                 )

<u>UNITED STATES ANSWER TO THE PLAINTIFF'S COMPLAINT</u>

1. The United States ("Defendant") lacks sufficient knowledge to confirm or deny the allegations of this paragraph.

2. The allegations of this paragraph are jurisdictional in nature and no answer is required. To the extent that an answer is deemed necessary, then the allegations of this paragraph are denied.

3. The allegations of this paragraph are jurisdictional in nature and no answer is required. To the extent that an answer is deemed necessary, then the allegations of this paragraph are denied.

4. The allegations of this paragraph state a conclusion of law and no answer is required. To the extent that an answer is deemed necessary, then the allegations of this paragraph are denied.

5. Admitted.

6. The Defendant admits that after Plaintiff drove onto Hansom Air Force Base, a marked Security Forces patrol car, operated by Airman First Class ("A1C") Scott Bennett, pulled Plaintiff over as a result of a burned out headlight.

7. The Defendant admits that A1C Bennett requested identification, registration and insurance. The Defendant admits that A1C Bennett questioned the Plaintiff about the owner of the vehicle. The Defendant admits that A1C Bennett handed back the Plaintiff's license, registration and insurance card and informed the Plaintiff that one of the headlights on the vehicle was burned out. The Defendant denies that the incident took 20 minutes. The Defendant admits that, in sum and substance, the Plaintiff complained to A1C Bennett regarding the stop in the manner stated in this paragraph. The Defendant denies the paragraph's implication that the traffic stop had been completed.

8. The Defendant admits that Plaintiff drove away from the patrol car before the completion of the traffic stop and headed toward the parking area for Building 1201. The Defendant denies the Plaintiff's allegation that the Plaintiff failed to notice A1C Bennett prior to parking his vehicle. The Defendant admits that after reaching the parking lot, Plaintiff exited his car and entered Building 1201. The Defendant denies the remaining allegations of this paragraph.

9. The Defendant admits that two or more Security Forces members entered Building 1201 to make contact with Plaintiff. The Defendant denies that these individuals were screaming loudly at Plaintiff and said, "Get outside, Get outside now." The Defendant admits that the Plaintiff refused to leave the building. The Defendant denies Plaintiff's stated reasons for not leaving the building. The Defendant admits that security personnel ordered plaintiff to turn around and put his hands behind his back and that Plaintiff complied.

10. The Defendant denies the allegations of this paragraph.

11. The Defendant denies that security personnel began manhandling the Plaintiff with excessive force and bent him over backwards. The Defendant admits that Plaintiff told the officer he had a bad back. The Defendant denies Plaintiff pleaded with the officer to stop bending him over backwards. The Defendant denies that Plaintiff's co-workers told security personnel that Plaintiff had a bad back. The Defendant denies that Plaintiff lost his balance. The Defendant admits that Plaintiff's head hit the floor during this exchange. The Defendant denies that plaintiff entered a semi-conscious state.

12. The Defendant admits Plaintiff was taken to Emerson Hospital where x-rays and a CT scan were undertaken. The Defendant denies Plaintiff's allegations of injury.

13. The Defendant admits that following treatment Plaintiff was driven back to Hansom Air Force Base. The Defendant denies the remaining allegations of this paragraph.

14. The Defendant denies the allegations as to statements made by Sergeant Anderson. The Defendant admits that Plaintiff was cited for two traffic violations. The Defendant admits that Plaintiff was driven back to Building 1201 where he collected his belongings and left. The Defendant denies that plaintiff took a CA-1 Federal Employee's Notice of Traumatic Injury. The Defendant denies the remaining allegations of this paragraph.

15. The Defendant denies the allegations of this paragraph.

16. The Defendant admits that Plaintiff was cited for having a defective headlight and failure to yield to an emergency vehicle. The Defendant denies the remaining allegations of this paragraph.

17. The Defendant admits that the Plaintiff contested responsibility for the two violations. The Defendant admits that a hearing was scheduled to be held in April 2001 and that in March 2001, the Clerk, United States Magistrate Court, notified Plaintiff that Airman

        First Class Bennett was unavailable for trial so the case was being dismissed with prejudice.

18. The Defendant admits Plaintiff submitted a Standard Form 95 to the Air Force on December 6, 2002. The Defendant admits that the Air Force denied Plaintiff's claim on August 21, 2003. The Defendant denies the remaining allegations of this paragraph.

## COUNT I
### (FTCA Assault)

19. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs through 18 herein.

20. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

21. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT II
### (FTCA Battery)

22. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 21 herein.

23. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

24. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT III
### (FTCA False Arrest)

25. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 24 herein.

26. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

27. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT IV
### (FTCA False Imprisonment)

28. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 27 herein.

29. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

30. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT V
### (FTCA Intentional Infliction of Emotional Distress)

31. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 30 herein.

32. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

33. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

34. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT VI
### (FTCA Negligence)

35. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 34 herein.

36. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

37. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

38. The allegation of this paragraph is a conclusion of law to which no answer is required.

       To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

39. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

## COUNT VII
### (FTCA Negligent Infliction of Emotional Distress)

40. The Defendant repeats and incorporates by reference the averments, denials, and defenses set forth in Paragraphs 1 through 39 herein.

41. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

42. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

43. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

44. The allegation of this paragraph is a conclusion of law to which no answer is required. To the extent an answer is deemed necessary, the Defendant denies the allegations of this paragraph.

       Prayer for Relief. This Paragraph does not require an answer. To the extent an answer is deemed necessary, the Defendant denies that the Plaintiff is entitled to any relief.

       All facts not specifically admitted by the Defendant in teh foregoing paragraphs are hereby denied.

## Affirmative Defenses

1. The Defendant violated no actionable duty owed to the plaintiff.

2. The injuries and/or damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

3. In the event the Court finds the Defendant negligent, which negligence the Defendant denies, the negligence of the plaintiff contributed to the injuries being alleged and, therefore, any recovery must be proportionally reduced.

4. In accordance with 28 U.S.C § 2675(b), the plaintiff's damages, if any, are limited to the amount of the sum certain demanded in the administrative claim.

5. The plaintiff is not entitled to a jury trial. <u>See</u> 28 U.S.C. § 2402.

6. The plaintiff is not entitled to pre-judgment interest. <u>See</u> 28 U.S.C. § 2674.

7. Attorney fees are only recoverable as part of a judgment and not in addition thereto. <u>See</u> 28 U.S.C. § 2678.

8. Defendant hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery it learns may be applicable.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Mark J. Grady
      Mark J. Grady
      Assistant U.S. Attorney
      United States Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3136