UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT ROMANS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-10344-NMG |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION TO VACATE DISMISSAL NISI
AND TO ENTER DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Introduction

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in support of its motion to vacate the dismissal nisi entered upon the settlement of this matter and in support of its request that this Court enter judgment in favor of the United States on the ground that the Plaintiff has failed to prosecute this claim, pursuant to Fed. R. Civ. P. 41(b).

Facts

On February 19, 2004, the Plaintiff, Robert Romans filed the instant action alleging various claims against Air Force Personnel arising under the Federal Tort Claim Act.  The Plaintiff alleged cause of actions for (1) assault; (2) battery; (3) false arrest; (4) false imprisonment; (5) intentional infliction of emotional distress; (6) negligence; and (7) negligent infliction of emotional distress.  See Complaint.

Briefly recounting the allegations, the Plaintiff alleged that on December 9, 2000, at the Hanscom Air Force Base, Romans was stopped by Airman First Class Scott Bennett, a security force patrolman, at approximately 11:33 p.m. because of a burned out headlight. Passing by details not germane to the instant motion, when the Plaintiff departed the scene of the traffic stop, there was a difference of opinion between the Plaintiff and Airman Bennett as to whether the stop had been completed. As a consequence, Airman Bennett, who felt that the Plaintiff had left before the stop was completed, got back into his vehicle and pursued the Plaintiff to his worksite on the base. Romans was placed into handcuffs but, during the course of the handcuffing, fell, allegedly injuring his back. He was transported to the hospital that night. No criminal changes were pursued and the civil motor vehicle infractions were ultimately dismissed.

On July 27, 2006, the United States and the Plaintiff mediated this dispute before Magistrate Judge Neiman. All parties, including the Plaintiff, himself, attended the mediation. At the conclusion of the mediation, no agreement had been reached, however, within a day or two of the conclusion of the mediation, the parties, who had been contacted by Magistrate Judge Neiman by telephone, agreed to a settlement in this matter for the payment of $60,000.00 to the Plaintiff. See Declaration of Mark J. Grady, Assistant United States Attorney; Docket # 13.

Consequently, on August 8, 2006, the United States sent a proposed settlement agreement and stipulation of dismissal to Plaintiff's counsel in order to consummate the agreement the United States had reached with the Plaintiff to resolve this case for $60,000.00. Id. The Plaintiff's counsel reported that they were unable to contact the Plaintiff. Consequently, Plaintiff's counsel sought an assented to extension to consummate the settlement of this matter to October 16, 2006. Id.; see also, Docket # 14. That motion was allowed. See Docket.

On October 17, 2006, the United States forwarded a letter to Plaintiff's counsel stating its desire to complete the execution of the settlement agreement. The government also made clear that it could not make payment of any monies without an executed settlement agreement. This letter further provided: "should the settlement materials no be forwarded on or before August 8, 2007, this office will consider your client to have abandoned his claim." See Grady Declaration, Exhibit 1.

### Argument

It is within the discretion of this Court to dismiss a claim when a Plaintiff has failed to act in a timely manner. See Link. V. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir.1980) ("Federal courts from the start have been the steadfast protectors of a defendant's right to be free from idle procrastination on the part of the plaintiff.").

The instant matter has lain in limbo for over one year due to the Plaintiff's unexplained failure to take the steps necessary to consummate the settlement reached by the parties. The Plaintiff has neither acted to complete the agreement, nor sought relief from its terms. Unquestionably, in the past year, the Plaintiff has had more than ample time to complete the ministerial act of executing the settlement agreement, but has not done so. As a consequence, this matter should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41.

Plaintiff's counsel have indicated that they take no position on the motion. See Grady Declaration, Exhibit 2.

Conclusion

Wherefore, the United States requests that this court vacate the dismissal nisi entered upon the parties' agreed settlement and enter a dismissal of the plaintiff's claims, with prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

>   Respectfully submitted,
>   MICHAEL J. SULLIVAN
>   United States Attorney
>
> By:    /s/ Mark. J. Grady
>   Mark J. Grady
>   Assistant U.S. Attorney
>   United States Attorneys Office
>   One Courthouse Way, Suite 9200
>   Boston, MA 02210
>   (617) 748-3136