UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT ROMANS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-10344-NMG |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF MARK J. GRADY

1. My name is Mark J. Grady and I am an Assistant United States Attorney for the District of Massachusetts.

2. In the course of my duties, I was assigned the defense of the United States in this matter.

3. On July 27, 2006, the United States and the Plaintiff mediated this dispute before Magistrate Judge Neiman.

4. At the conclusion of the mediation, no agreement had been reached, however, within a day or two of the conclusion of the mediation, the parties, who had been contacted by Magistrate Judge Neiman by telephone, agreed to a settlement in this matter for the payment of $60,000.00 to the Plaintiff.

5. Consequently, on August 8, 2006, the United States sent a proposed settlement agreement and stipulation of dismissal to Plaintiff's counsel in order to consummate the agreement the United States had reached with the Plaintiff to resolve this matter.

6. The Plaintiff's counsel reported to undersigned counsel that they were unable to contact the Plaintiff.

7. Consequently, I assented to Plaintiff's counsel request for an extension to consummate the settlement of this matter to October 16, 2006.

8. When an executed agreement had not been received by October 17, 2007, I forwarded a letter to the Plaintiff's counsel indicating, *inter alia*, that, "should the settlement materials no be forwarded on or before August 8, 2007, this office will consider your client to have abandoned his claim."

9. A true and accurate copy of that letter is attached hereto as Exhibit A.

10. In follow up to the above noted discussions, on August 13, 2007, I e-mailed Plaintiff's counsel regarding the United States' intent to file a motion to dismiss this action for failure to prosecute. True and accurate copies of that email, the Plaintiff's response, and the follow up e-mail by undersigned counsel, are attached hereto as Exhibit 2.

I swear that the forgoing is a true and accurate statement of fact under the pains and penalties of perjury this 17th day of August 2007.

    /s/ Mark. J. Grady
Mark J. Grady
Assistant U.S. Attorney

Exhibit 1



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*
*Secretary's Direct Line: (617) 748-3281*
*Fax No. (617) 748-3971*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way - Suite 9200*
*Boston, Massachusetts 02210*

October 17, 2006

Jason A. Kosow
DiMento and Sullivan
Seven Faneuil Marketplace
Boston, MA 02109

Re:     <u>Romans v. U.S. - C.A. #04-10344-RGS</u>

Dear Attorney Kosow:

  I write with respect to the uncertain status of this matter in light of your inability to contact your client to execute the paperwork attendant to the settlement reached at mediation with Judge Neiman. The United States believes that an agreement was reached to resolve this matter for $60,000.00. There are, to my knowledge no disputed terms or other issues which would preclude settlement, other than your inability to contact your client. Indeed, absent your inability to speak with your client, it is my understanding that there is no dispute to the terms of the settlement agreement forwarded by this office.

  Obviously, in that you cannot obtain an executed settlement agreement in the absence of contact with your client, I have conferred with my colleagues with respect to what, if any, course of action is appropriate at this point. As an initial matter, the United States cannot make payment of monies without an executed settlement agreement. That being said, this letter should not be construed as an attempt in any fashion to renege upon the agreed settlement. Upon receipt of executed copies of the settlement materials, i.e., the settlement agreement and stipulation, forwarded to your office, the United States will issue a check for the settlement proceeds in accord with its customary practice.

  The instant matter cannot, however, be allowed to remain in this "limbo" indefinitely. I certainly cannot venture to explain why such difficulties have arisen, however, should the settlement materials not be forwarded on or before August 8, 2007, this office will consider your client to have abandoned his claim. This deadline, reflecting one year from the date upon which settlement papers were forwarded to your office, is, in our view, by no means onerous. We all, including your client, attended the mediation and reached agreement as to the settlement of this matter. I can fathom no explanation why, having agreed to such a settlement, that your client is

unable or unwilling to take the ministerial steps to complete the agreement, or, at a minimum, is not in contact with you to discuss the execution of that agreement. If there has been further development in this matter by August 8, 2007, this office has no choice but to deem your client's claim abandoned.

      I look forward to the resolution of this matter in the ordinary course when whatever impediment presently exists is resolved. The United States is, and remains, fully willing to comply with the terms of the agreement reached but cannot, pending receipt of the executed settlement materials, release any funds.

      Thank you for your attention to this matter.

                                  Very truly yours,

                                  Mark J. Grady
                                  Assistant U.S. Attorney

Exhibit 2

**Grady, Mark (USAMA)**

| | |
|---|---|
| **From:** | Grady, Mark (USAMA) |
| **Sent:** | Monday, August 13, 2007 10:21 AM |
| **To:** | 'fjd@dimentosullivan.com'; 'jak@dimentosullivan.com' |
| **Subject:** | Romans v. United States |

In light of the fact that over a year has passed without your client executing the settlement agreement in this matter, I will be asking the Court to vacate the dismissal nisi entered upon the agreement to settle this matter and to enter a judgment in favor of the United States, dismissing you client's claims with prejudice for failure to prosecute.

Pursuant to Local Rule 7.1, please let me know your position on this matter.

**Grady, Mark (USAMA)**

| | |
|---|---|
| **From:** | Francis J. DiMento Jr. [fjdjr@dimentosullivan.com] |
| **Sent:** | Tuesday, August 14, 2007 1:57 PM |
| **To:** | Grady, Mark (USAMA) |
| **Subject:** | Romans v. United States |

Mark:

Despite repeated communications to our client, he elected not to execute the settlement agreement. I cannot think of any way to consummate the settlement absent his execution of the agreement. We take no position on the motion but I suppose that if the case is dismissed with prejudice, there would be no impediment for the government to pay the funds since the case would be over once and for all.

Thank you,
Frank DiMento, Jr.

# Grady, Mark (USAMA)

| | |
|---|---|
| **From:** | Grady, Mark (USAMA) |
| **Sent:** | Thursday, August 16, 2007 4:30 PM |
| **To:** | 'Francis J. DiMento Jr.' |
| **Subject:** | RE: Romans v. United States |

For clarity purposes, a judgment for failure to prosecute under Fed. R. Civ. P. 41(b) operates as a judgment on the merits in favor of the United States.  There would be no monies to be paid in such circumstances.

**From:** Francis J. DiMento Jr. [mailto:fjdjr@dimentosullivan.com]
**Sent:** Tuesday, August 14, 2007 1:57 PM
**To:** Grady, Mark (USAMA)
**Subject:** Romans v. United States

Mark:

Despite repeated communications to our client, he elected not to execute the settlement agreement. I cannot think of any way to consummate the settlement absent his execution of the agreement. We take no position on the motion but I suppose that if the case is dismissed with prejudice, there would be no impediment for the government to pay the funds since the case would be over once and for all.

Thank you,
Frank DiMento, Jr.