UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT T. ROMANS, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-10344-NMG |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| *Defendant.* | ) | |

### RESPONSE TO THE UNITED STATES' MOTION TO VACATE

In accordance with the Court's instruction on September 26, 2007, counsel for the plaintiff submit this response to the United States' motion to vacate.

On August 2, 2006, the Court issued a 45-day Settlement Order of Dismissal. Pursuant thereto, this action was dismissed effective August 2, 2006, and the docket text entered that day states: "Civil Case Terminated."

On August 9, 2006, plaintiff's counsel forwarded to plaintiff by mail the proposed Settlement Agreement for execution. During the week of August 22, 2006, counsel left a telephone message for plaintiff to remind him that counsel are awaiting the return of the executed agreement. This message was followed up with a letter to plaintiff on September 1, 2006. On September 7, 2006, plaintiff's counsel again wrote to plaintiff regarding the approaching deadline for consummating settlement per the Court's order of August 2, 2006.

On September 14, 2006, plaintiff's counsel filed an assented-to motion to extend the time to consummate settlement to October 16, 2006. The motion was allowed on October 10, 2006.

Plaintiff's counsel did not receive any communication from plaintiff until November 2, 2006, when plaintiff informed counsel by letter that he was declining to execute the settlement

agreement. On May 15, 2007, and again on July 3, 2007, plaintiff's counsel wrote to plaintiff to remind him that, pursuant to AUSA Grady's letter of October 17, 2006, the settlement funds remain available until August 8, 2007, should plaintiff decide to execute the settlement agreement. Counsel received no further communications from the plaintiff.

The Court's Settlement Order of Dismissal on August 2, 2006, provides: "IT IS ORDERED that this action is hereby dismissed without costs and without prejudice to the right of *any party*, upon good cause shown, to reopen the action within forty-five (45) days if settlement is not consummated." (Emphasis added.) The Court's order thus applies equally to the United States, and the United States did not move within the time permitted by the Court to reopen the action.

This case has now been closed for nearly fourteen months. Since August 2, 2006, all notices from the Court's Electronic Case Files (ECF) system have indicated "WARNING: CASE CLOSED on 08/02/2006". Nevertheless, the United States, without giving any rationale, let alone showing any good cause, now seeks to vacate the Court's dismissal of this action on August 2, 2006, so that the Court may enter another dismissal.

The United States relies on Fed. R. Civ. P. 41(b) to support its motion; however, that rule does not contemplate dismissal of an action which has already been dismissed. Rule 41(b) expressly provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in the rule* … operates as an adjudication upon the merits." (Emphasis added.) The August 2, 2006, dismissal was therefore an adjudication upon the merits.

The United States' motion is moot, and, for that reason alone, it should be denied.

                                        Respectfully submitted,

                                        D<small>I</small>MENTO & SULLIVAN

                                        /s/ Jason A. Kosow

Dated: September 27, 2007          Francis J. DiMento, Jr.
                                        BBO NO. 547337
                                        Jason A. Kosow
                                        BBO NO. 644701
                                        7 Faneuil Marketplace, 3rd Floor
                                        Boston, MA 02109-1649
                                        Tel. (617) 523-2345

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 27, 2007.

                                        /s/ Jason A. Kosow